IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR IMMIGRATION STUDIES, <br> 1629 K Street, NW, Suite 600, <br> Washington, DC 20006, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION, <br> 1300 Pennsylvania Ave., NW, <br> Washington, DC <br><br> Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Center for Immigration Studies ("CIS" or "Center") brings this action against U.S. Customs and Border Protection ("CBP") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff alleges the following grounds:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff CIS ("Plaintiff") is a non-profit, research and educational foundation organized under the laws of the District of Columbia and having its principal place of business at

1629 K Street, NW, Suite 600, Washington, D.C. Plaintiff seeks to educate immigration policymakers, the academic community, news media, and concerned citizens with reliable information about the social, economic, environmental, security, and fiscal consequences of legal and illegal immigration into the United States. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant CBP is an agency of the U.S. Government and is headquartered at 1300 Pennsylvania Ave., NW, Suite 330, Washington, DC. CBP is a component of the U.S. Department of Homeland Security ("DHS"). CBP has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On August 13, 2018, Plaintiff submitted a FOIA request to CBP, by online FOIA portal, requesting that CBP produce, in Microsoft Excel spreadsheet format by calendar year, broken down by nationality, sector and actual port of entry, the following information up until the date of production:

1. Full Calendar Years 2008-July 1, 2018 (or to present date of FOIA service) for apprehensions BETWEEN LAND-ONLY ports of entry of illegal immigrants along the U.S. northern and southern borders of the following nationalities, broken down by Border Patrol sector identification:

    Afghanistan, Algeria, Bahrain, Bangladesh, Bosnia, Djibouti, Egypt, Eritrea, Indonesia, Iran, Iraq, Jordan, Kazakhstan, Kosovo, Kuwait, Lebanon, Libya, Malaysia, Mauritania, Morocco, North Korea, Oman, Pakistan, Philippines, Qatar, Saudi Arabia, Somalia, Sudan, Syria, Tajikistan, Thailand, Tunisia, Turkey, Turkmenistan, UAE, Uzbekistan, and Yemen.

2. Encounters by CBP personnel at ports of entry along the U.S. northern and southern LAND borders of aliens from the above nations who were declared "inadmissible."

6.  Plaintiff received an email from Defendant dated August 13, 2018, confirming receipt of Plaintiff's FOIA request, and assigning the request tracking number CBP-2018-078687.

7.  Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of that request and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination. Accordingly, Defendant's determination of Plaintiff's FOIA request was due by September 11, 2018 at the latest.

8.  As of the date of this Complaint, CBP has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determination or the reasons for such determination for the FOIA request; (iii) advise Plaintiff of the right to appeal any adverse determination of the FOIA request; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9.  Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to that request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff re-alleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:      April 16, 2019                 Respectfully submitted,

/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Center for Immigration Studies
1629 K Street, NW, Suite 600
Washington DC, 20006
Telephone: 202-466-8185
FAX (202) 466-8076
Email: jba@cis.org